# EXHIBIT A



CT Corporation
Service of Process Notification
09/20/2023
CT Log Number 544762308

## Service of Process Transmittal Summary

TO: Natalie D'Amora, Senior Counsel
Chubb
436 WALNUT ST
PHILADELPHIA, PA 19106-3703

RE: Process Served in New York

FOR: Bankers Standard Insurance Company (Domestic State: PA)

ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:

| | |
|---|---|
| TITLE OF ACTION: | CHERYL RUBIN AS EXECUTRIX OF THE ESTATE OF ESTELLE RUBIN vs. BANKERS STANDARD INSURANCE COMPANY |
| CASE #: | 6542972023 |
| NATURE OF ACTION: | Insurance Litigation |
| PROCESS SERVED ON: | C T Corporation System, New York, NY |
| DATE/METHOD OF SERVICE: | By Traceable Mail on 09/20/2023 |
| JURISDICTION SERVED: | New York |
| ACTION ITEMS: | CT has retained the current log, Retain Date: 09/20/2023, Expected Purge Date: 09/25/2023 |
| | Image SOP |
| | Email Notification, Incoming Legal  incominglegal@chubb.com |
| REGISTERED AGENT CONTACT: | Mara Velasco
28 Liberty Street
New York, NY 10005
800-448-5350
MajorAccountTeam1@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

```
FROM:             (518) 555-1212      SHIP DATE: 18SEP23
Albany Mailroom                       ACTWGT: 2.60 LB
NYS Dept of Financial                 CAD: 258287935/WSXI3600
One Commerce Plaza
18th Fl ste 1850
Albany NY 12257                       BILL SENDER
US
```

TO **Mara Velasco**
**C.T. Corporation Systems**
**28 LIBERTY ST**

**NEW YORK NY 10005**                                (US)
(000) 000-0000          REF: 1
INV:
PO:                         DEPT:



FedEx Ground

**G**

TRK# **7838 9544 2303**

**10005**

9632 0019 6 (000 000 0000) 0 00 7838 9544 2303



# Department of Financial Services

**KATHY HOCHUL**
Governor

**ADRIENNE A. HARRIS**
Superintendent

STATE OF NEW YORK
Supreme Court, County Of New York

654297/2023

Cheryl Rubin as Executrix of the Estate of Estelle Rubin      Plaintiff(s)

against

Defendant(s)

Bankers Standard Insurance Company

RE :Bankers Standard Insurance Company

Attorney for Plaintiff(s) and Defendant(s) please take notice as follows:

Attorney for Plaintiff(s) is hereby advised of acknowledgement of service upon this Department Summons and Complaint and Electronic Filing in the above entitled action on September 08, 2023 at Albany, New York. The $40.00 fee is also acknowledged.

Original to Attorney for Plaintiff(s):

Wilkofsky, Friedman, Karel & Cummins
Attorneys for Plaintiff
299 Broadway
Suite 1700
New York, New York 10007

Pursuant to the requirement of section 1212 of the Insurance Law, Defendant(s) is hereby notified of service as effected above. A copy of the paper is enclosed.

Duplicate to Defendant:

Mara Velasco
Bankers Standard Insurance Company
c/o C.T. Corporation System 28 Liberty Street
New York, New York 10005

Rawle Lewis
Director of Producer Licensing

Dated Albany, New York, September 15, 2023
721844            jfemia

## WILKOFSKY, FRIEDMAN, KAREL & CUMMINS

JONATHAN J. WILKOFSKY♦
MARK L. FRIEDMAN♦
HARRY A. CUMMINS◊♦▲
ROMAN RABINOVICH◊♦

DAVID B. KAREL(Retired)

MICHAEL BARNES., • OF COUNSEL
LESLIE E. LITTLE, ■ OF COUNSEL
KEITH A. SELDIN, *♦ OF COUNSEL
MICHAEL GOROKHOVICH, ◊♦ OF COUNSEL
CATHERINE L. CREAGER, □ OF COUNSEL
LESLIE JONES-THOMAS, ♦ OF COUNSEL
MARTIN DURKIN, ▲ OF COUNSEL
DAVID C. INDIANO, •▼OF COUNSEL
JEFFREY M. WILLIAMS, ▼ OF COUNSEL

□ADMITTED CT
*ADMITTED FL
•ADMITTED NC
◊ADMITTED NJ
♦ADMITTED NY
• ADMITTED OH
▲ADMITTED PA
▼ADMITTED PR
■ADMITTED TX

ATTORNEYS AND COUNSELORS AT LAW
299 BROADWAY • SUITE 1700
NEW YORK, NEW YORK 10007
TEL: (212) 285-0510 / (888) 285-0510
FAX: (212) 285-0531 / (877) 285-1341

www.wfkclaw.com

CONNECTICUT OFFICE:
1 ELIOT PLACE, 3ᴿᴰ FL.
FAIRFIELD, CT. 06824

FLORIDA OFFICE:
270 SOUTH CENTRAL BLVD, STE. 203
JUPITER, FL 33458

NORTH CAROLINA OFFICE:
1909 J.N. PEASE PLACE, SUITE 202
CHARLOTTE, NC 28262

NEW JERSEY OFFICE:
300 CARNEGIE CENTER
PRINCETON, NJ 08540

PENNSYLVANIA OFFICE:
1760 MARKET STREET, SUITE 601
PHILADELPHIA, PA 19103

PUERTO RICO OFFICE:
207 DEL PARQUE STREET, 3ᴿᴰ FL.
SAN JUAN, PR 00912

TEXAS OFFICE:
2229 SAN FELIPE, SUITE 1000
HOUSTON, TX 77019

September 6, 2023

**VIA OVERNIGHT MAIL**
Department of Financial Services
One Commerce Plaza
Albany, NY 12257
Attn: Colleen Draper

RE:  CHERYL RUBIN AS EXECUTRIX OF THE ESTATE OF ESTELLE RUBIN v. BANKERS STANDARD INSURANCE COMPANY
Index No.: 654297/2023
Our File No.: 23J154

Dear Ms. Draper:

The undersigned represents Plaintiff, CHERYL RUBIN AS EXECUTRIX OF THE ESTATE OF ESTELLE RUBIN, in the above-referenced matter. Enclosed please find copy of the Summons, Complaint, Notice of Commencement, and check for $40 to effectuate service upon Defendant, Bankers Standard Insurance Company. Once service is effectuated please forward an acknowledgment of service to our office.

Thank you and if you have any questions, please do not hesitate to contact the undersigned.

Very truly yours,

WILKOFSKY, FRIEDMAN,
KAREL & CUMMINS

By:  *Roman Rabinovich*
ROMAN RABINOVICH

RR: ab
20232/23J154.C1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------x
CHERYL RUBIN AS EXECUTRIX OF THE ESTATE OF
ESTELLE RUBIN,

                      Plaintiff,

- against -                           Index No. 654297/2023

BANKERS STANDARD INSURANCE COMPANY,

                      Defendant.
-----------------------------------------------------------------x

## NOTICE OF ELECTRONIC FILING
### (Mandatory Case)
(Uniform Rule § 202.5-bb)

**You have received this Notice because:**

    1) The Plaintiff/Petitioner, whose name is listed above, has filed this case using the New York State Courts E-filing system ("NYSCEF"), and

    2) You are a Defendant/Respondent (a party) in this case.

- **If you are represented by an attorney:**
  Give this Notice to your attorney. (Attorneys: see "Information for Attorneys" pg. 2).

- **If you are not represented by an attorney:**
  **You will be served with all documents in paper and you must serve and file your documents in paper, unless you choose to participate in e-filing.**

  **If you choose to participate in e-filing, you must have access to a computer and a scanner or other device to convert documents into electronic format, a connection to the internet, and an e-mail address to receive service of documents.**

  The **benefits of participating in e-filing** include:

  - serving and filing your documents electronically
  - free access to view and print your e-filed documents
  - limiting your number of trips to the courthouse
  - paying any court fees on-line (credit card needed)

**To register for e-filing or for more information about how e-filing works:**
- visit: www.nycourts.gov/efile-unrepresented or
- contact the Clerk's Office or Help Center at the court where the case was filed. Court contact information can be found at www.nycourts.gov

To find legal information to help you represent yourself visit www.nycourthelp.gov

## Information for Attorneys
### (E-filing is Mandatory for Attorneys)

An attorney representing a party who is served with this notice must either:

1) immediately record his or her representation within the e-filed matter on the NYSCEF site www.nycourts.gov/efile ; or

2) file the Notice of Opt-Out form with the clerk of the court where this action is pending and serve on all parties. Exemptions from mandatory e-filing are limited to attorneys who certify in good faith that they lack the computer hardware and/or scanner and/or internet connection or that they lack (along with all employees subject to their direction) the knowledge to operate such equipment. [Section 202.5-bb(e)]

For additional information about electronic filing and to create a NYSCEF account, visit the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center (phone: 646-386-3033; e-mail: nyscef@nycourts.gov).

Dated:  September 6, 2023

*Roman Babinovich*
Name

Wilkofsky, Friedman, Karel & Cummins
Firm Name

299 Broadway Suite 1700
New York, New York 10007
Address

(212) 285-0510
Phone

romanlaws@gmail.com
E-Mail

To:   Bankers Standard Insurance Company
      c/o Department of Financial Services
      1 State Street, 19th Floor
      New York, New York 10004

RR: ab
20232\23J154.L4

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------x
CHERYL RUBIN AS EXECUTRIX OF THE ESTATE OF
ESTELLE RUBIN,

          Plaintiff,

-against-

BANKERS STANDARD INSURANCE COMPANY,

          Defendant.
-------------------------------------x

Index No.:

**SUMMONS**

The basis of the venue is
CPLR §509.

Venue: Plaintiff designates
New York County as the
place of trial.

To the above-named Defendant:

    YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a copy of your answer on the Plaintiffs' Attorneys within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded herein.

Dated: New York, New York
       September 1, 2023

                         WILKOFSKY, FRIEDMAN,
                         KAREL & CUMMINS

              By: *Roman Rabinovich*
                  ROMAN RABINOVICH
                  Attorneys for Plaintiff
                  299 Broadway – Suite 1700
                  New York, New York 10007
                  (212) 285-0510

TO:    BANKERS STANDARD INSURANCE COMPANY
        c/o Department of Financial Services
        1 State Street, 19th Floor
        New York, New York 10004

RR:AB
20232\23J154.L1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------x    Index No.:
CHERYL RUBIN AS EXECUTRIX OF THE ESTATE OF
ESTELLE RUBIN,

                 Plaintiff,            **COMPLAINT**

    -against-

BANKERS STANDARD INSURANCE COMPANY,

                 Defendant.
------------------------------------x

Plaintiff, by its attorneys, WILKOFSKY, FRIEDMAN, KAREL and CUMMINS, as and for its Complaint, herein allege the following, upon information and belief:

FIRST: At all times herein mentioned, Plaintiff, CHERYL RUBIN, was and is a natural person over the age of eighteen (18) years, and is a resident of the State of New York.

SECOND: At all relevant times, on or before May 9, 2015, ESTELLE RUBIN, was a natural person over the age of eighteen (18) years residing in the State of New York.

THIRD: On or about May 9, 2015, ESTELLE RUBIN owned and resided at the property located at 4 Kewanne Road, New Rochelle, New York 10804 (hereinafter the "Subject Premises").

FOURTH: At all relevant times, Plaintiff testator Estelle Rubin possessed a valid insurable interest in the Subject Premises.

FIFTH: On or about May 9, 2015, ESTELLE RUBIN passed away.

SIXTH: On or about April 15, 2016, Letters Testamentary were issued, inter alia, to Plaintiff CHERYL RUBIN, appointing her as Executrix of the Estate of CHERYL RUBIN.

SEVENTH: Upon information and belief, at all times hereinafter mentioned, Defendant, BANKERS STANDARD INSURANCE COMPANY, was and is a foreign corporation and is licensed to issue policies of insurance within the State of New York.

### AS AND FOR A FIRST CAUSE OF ACTION
### (BREACH OF CONTRACT)

EIGHTH: Plaintiff repeats, reiterates, and realleges each and every allegation contained in the preceding paragraphs, with the same force and effect as if more fully and completely set forth at length herein.

NINTH: At all relevant times, Plaintiff possessed a valid insurable interest in the property located at the Subject Premises as well as the contents therein.

TENTH: Heretofore and prior to April 4, 2021, Defendant made an issued a Chubb Platinum Policy of Insurance bearing No: 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H (the "Policy"), wherein and whereby it did insure the Subject Premises for amounts as set forth in said policy for the periods from April 4, 2021, and expiring April 4, 2022.

ELEVENTH: The Policy explicitly covered all direct physical loss.

TWELFTH: On or about September 1, 2021, the Policy was in full force and effect.

NYSCEF DOC. NO. 2

INDEX NO. 654297/2023
RECEIVED NYSCEF: 09/01/2023

Case 1:23-cv-08719-PKC   Document 1-1   Filed 10/04/23   Page 11 of 14

THIRTEENTH: On or about September 1, 2021, the Subject Premises sustained a direct physical loss due to water backup, which caused water intrusion in the house.

FOURTEENTH: On or about September 1, 2021, the Subject Premises sustained a direct physical loss due to a covered peril, namely water intrusion (the "Loss").

FIFTEENTH: As a result thereof, Plaintiff sustained a loss in the amount of at least $100,000 to the Subject Premises and contents therein.

SIXTEENTH: The Loss was timely reported to the Defendant and was assigned claim number 77262591 (the "Claim").

SEVENTEENTH: The Loss was investigated by the Defendant and improperly denied and/or partially denied on December 22, 2021, (the "Denial").

EIGHTEENTH: Moreover, Defendant falsely claimed that the Loss was caused by surface water, an excluded peril, said allegation being an attempt to eliminate or reduce Defendant's liability herein.

NINETEENTH: No part of said Claim has been paid, although duly demanded.

TWENTIETH: Defendant's wrongful and baseless denial of the Claim necessitated retention of counsel.

TWENTY-FIRST: Defendant ratified the actions of its agents and employees by failing to pay the Claim in full following the loss.

TWENTY-SECOND: Plaintiff anticipates incurring an additional consequential loss for litigation costs and attorney's fees related to this claim.

TWENTY-THIRD: Defendant has breached the covenant of good faith and fair dealing that is implicit in the contract insurance between the parties, by unreasonable delay in processing the Claim in a timely matter.

TWENTY-FOURTH: Defendant has breached the covenant of good faith and fair dealing that is implicit in the contract insurance between the parties, by not paying the Claim in a timely manner.

TWENTY-FIFTH: Defendant has breached the covenant of good faith and fair dealing that is implicit in the contract insurance between the parties, by its failure to pay the claim in its entirety.

TWENTY-SIXTH: The breach of contract and bad faith conduct of Defendant is a proximate cause of the consequential damages to the Plaintiff.

TWENTY-SEVENTH: The parties to the Policy necessarily knew and should have known that a breach of the covenant of good faith and fair dealing by Defendant would necessarily cause Plaintiff to incur further losses including, but not limited to, legal fees and litigation expenses as a consequence of its breach.

TWENTY-EIGHTH: Plaintiff reserves the right to assert consequential damages under Bi-Economy Mkt., Inc. v. Harleysville Ins. Co. of New York, 10 N.Y.3d 187, 856 N.Y.S.2d 505 (2008) and Panasia

Estates, Inc. v. Hudson Ins. Co., 10 N.Y.3d 200, 856 N.Y.S.2d 513 (2008).

## AND AS FOR A SECOND CAUSE OF ACTION
### (DECLARATORY JUDGEMENT)

TWENTY-NINTH: Plaintiff repeats, reiterates and realleges each and every allegation contained in the preceding paragraphs, with the same force and effect as if more fully and completely set forth at length herein.

THIRTIETH: Plaintiff contends that Defendant failed to promptly and properly investigate, assess, pay, adjust, appraise, and/or otherwise pay and recompense Plaintiff for their losses pursuant to the Policy.

THIRTY-FIRST: Defendant has thus far not reimbursed Plaintiff for the losses incurred.

THIRTY-SECOND: As a result, there is an actual controversy among the parties on the issue of how much Plaintiff may recover under the Policy for their losses.

THIRTY-THIRD: Plaintiff asserts a cause of action for Declaratory Judgement as there must be a prompt and expedited judicial determination as to what compensation is owed by Defendant for Plaintiff's losses.

WHEREFORE, Plaintiff respectfully demands judgment as follows:

(a) On the First Cause of Action against Defendant in the amount of at least $100,000, plus the reduction in value to the Subject

Premises in a sum to be determined by the Court and attorneys' fees in a sum to be determined by the Court.

(b) On the Second Cause of Action declaring that Defendant in this case is responsible and liable to Plaintiff for its failure to promptly and properly investigate, assess, pay, adjust, appraise, and/or otherwise pay and recompense Plaintiff for his loss, plus consequential damages including attorneys' fees, litigation costs and expenses, in an amount to be determined by the Court, together with interest from September 1, 2021, and the costs and disbursements of this action.

Dated: New York, New York
       September 1, 2023

                                        WILKOFSKY, FRIEDMAN,
                                        KAREL & CUMMINS

                                    By: *Roman Rabinovich*
                                        ROMAN RABINOVICH
                                        Attorneys for Plaintiff
                                        299 Broadway – Suite 1700
                                        New York, New York 10007
                                        (212) 285-0510

RR: ab
23J154.L2